IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SANDRA C.L. MANAOIS, aka SANDY
LANE, JERRY W. HILBISH, and
ELIZABETH ROBERTS,

        Plaintiffs,

    v.

PAUL ROBERTS, and ERIN BREYMAN,

        Defendants.

_____/

Case No. 2:08-cv-02442-JAM-GGH

ORDER GRANTING DEFENDANTS'
MOTION FOR JUDGMENT ON THE
PLEADINGS AND DENYING
DEFENDANTS' MOTION FOR
SANCTIONS

    This matter is before the Court on Defendants Paul Roberts and Erin Breyman's motion for sanctions against the Plaintiffs Sandra C.L. Manaois, Jerry W. Hilbish, Elizabeth Roberts and their attorney of record James Ireijo pursuant to Federal Rule of Civil Procedure 11.  (Doc. # 26.)  Defendants' motion for Rule 11 sanctions is essentially a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).  As such, the Court will first consider whether to grant Plaintiffs'

1

motion for judgment on the pleadings pursuant to Rule 12(c) and then will evaluate Defendants' motion to impose Rule 11 sanctions on Plaintiffs and their attorney, James Ireijo.[1]

## I. FACTUAL AND PROCEDURAL BACKGROUND

The claims for relief in the present action arise from the same events and transactions related to Probate Case No: PP20060081, Estate of Robert E. Roberts, El Dorado Superior Court, State of California.  On March 19, 2006, Robert E. Roberts passed away.  The Plaintiff, Elizabeth Roberts, is the surviving spouse of the decedent Robert E. Roberts ("Roberts").  The Defendants, Paul Roberts and Erin Breyman, are the surviving children of the decedent.  Defendants were appointed personal representatives of the Estate of Roberts.  Roberts left a will that was admitted to probate, in which he left Elizabeth a conditional life estate in their home (hereinafter "Residence"), as long as she lived in the Residence and paid all the bills on it.  Elizabeth moved out of the Residence on or about May 21, 2006.  On or about May 30, 2006 Elizabeth Roberts sent a letter to Defendant Paul Roberts indicating she had vacated the Residence and was returning the keys to Paul Roberts.

---

[1]   Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs.  E.D. Cal. L.R. 78-230(h).

In relation to Probate Case No: PP20060081, <u>Estate of</u>
<u>Robert E. Roberts</u>, Elizabeth filed a Petition to Determine
Succession to real and personal property.  On or about October
26, 2006, Defendant Paul Roberts went to the Residence to check
on the home and discovered all the locks had been changed and a
"No Trespassing" sign had been placed on one of the doors.
Based on his observations, Paul Roberts filed a police report
with the El Dorado County Sheriff's Office.

On April 13, 2007, Elizabeth entered into an agreement with
the Estate of Roberts to settle the Petition to Determine
Succession.  The settlement agreement required dismissal of
Elizabeth's Petition to Determine Succession with prejudice,
waiver of any and all rights in the personal property, except as
to any community property claims she may have in the Residence.
In addition, the parties agreed "never to commence, aid,
prosecute, or cause to be commenced or prosecuted against the
other any action or proceedings based directly or indirectly
upon any of the matters referred to in the lawsuit."  (Doc. #
26, Ex. A.)

In the present case, Plaintiffs' Amended Complaint asserts
four causes of action against Defendants for: (1) Intentional
Infliction of Emotional Distress; (2) Slander, Libel,
Defamation, and/or Invasion of Privacy; (3) Conversion; and (4)
Interference with Contract.  In the instant motion Defendants

3

request that the Court dismiss the Amended Complaint with prejudice, order Plaintiffs to refrain from filing future identical actions and impose monetary sanctions sufficient to compensate Defendants for their attorneys' fees estimated to be $17,000.00 and to serve the other goals of Rule 11. (Doc. # 26.) Plaintiffs oppose the motion. (Doc. # 32). For all of the reasons stated below, Defendants' motion for judgment on the pleadings is GRANTED with prejudice and Defendants' motion for Rule 11 sanctions is DENIED.

## II. OPINION

A. Legal Standard

   1. Judgment on the Pleadings

   Rule 12(c) of the Federal Rules of Civil Procedure provides: "After the pleadings are closed - but early enough not to delay trial - a party may move for judgment on the pleadings." See Fed. R. Civ. P. 12(c). For purposes of a motion under Rule 12(c), the allegations of the non-moving party must be accepted as true, and the allegations of the moving party that have been denied are presumed false. See Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1550 (9th Cir. 1990). Judgment on the pleadings is appropriate only when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law. See Enron Oil

_Trading & Transportation Co. v. Walbrook Ins. Co. Ltd._, 132 F.3d 526, 529 (9th Cir. 1997).  Judgment may be granted only when the pleadings show beyond doubt that the plaintiff can prove no set of facts in support of her claims that would entitle her to relief.  See _id._  The Ninth Circuit has held that "the principal difference between motions filed pursuant to Rule 12(b) and Rule 12(c) is the time of filing" and that "because the motions are functionally identical, the same standard of review applicable to a Rule 12(b) motion applies to its Rule 12(c) analog." See _Dworkin v. Hustler Magazine, Inc._, 867 F.2d 1188, 1192 (9th Cir. 1989).

    2. Motion for Sanctions

    A party may make a motion for sanctions under Federal Rule of Civil Procedure 11.  Rule 11 provides, in pertinent part:

> (b) By presenting to the court a pleading, written motion, or other paper . . . an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1)   it is not being presented for any improper purpose, such as to harass, causes unnecessary delay, or needlessly increase the cost of litigation;
> (2)   the claims, defenses, and other legal contentions are warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3)   the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4)   the denials of factual contentions are warranted on the evidence or, if specifically so identified, are

reasonably based on their belief or lack of
information.

Fed. R. Civ. P. 11(b).  If the Court concludes that Rule 11 has been violated, it may impose appropriate sanctions.  Fed. R. Civ. P. 11(c).

The central purpose of Rule 11 is to deter baseless filings.  Newton v. Thomason, 22 F.3d 1455, 1463 (9th Cir. 1994).  Courts apply an objective test in determining whether Rule 11 has been violated.  Yagman v. Republic Ins., 987 F.2d 622, 628 (9th Cir. 1993).  A violation of the rule does not require subjective bad faith.  Id.

B. Plaintiffs' First Cause of Action for Intentional Infliction of Emotional Distress

Plaintiffs' first cause of action for intentional infliction of emotion distress is based on Defendants' filing of an allegedly "false police report," which made "false accusations" against Plaintiffs.  Amended Complaint ¶ 5. Defendants assert Plaintiffs' claim for intentional infliction of emotional distress is based on communications made by Defendants to law enforcement officials and any liability for

such communications is barred by the litigation privilege

pursuant to Cal. Civ. Code § 47.[2]

Cal. Civ. Code § 47 established a privilege that bars

liability in tort for the making of certain statements.

Pursuant to Section 47(b), the privilege bars a civil action for

damages for communications made "[i]n any (1) legislative

proceeding, (2) judicial proceedings, (3) in any other

proceeding authorized by law, or (4) in the initiation or course

of any other proceeding authorized by law and reviewable

pursuant to [statutes governing writs of mandate]," with certain

statutory exceptions that do not apply to the present case.  The

privilege established by this subdivision is often referred to

as an "absolute" privilege, and it bars all tort causes of

action except a claim for malicious prosecution.  See Hagberg v.

California Federal Bank, 32 Cal. 4th 350, 360 (Cal. 2004).  As

the California Supreme Court noted in Hagberg, "the overwhelming

majority of cases conclude that when a citizen contacts law

enforcement personnel to report suspected criminal activity and

to instigate law enforcement personnel to respond, the

---

[2]   Neither party has addressed California's "governmental
interest analysis" or alleged that choice-of-law clauses exist
in any contract.  Thus, having brought this action in this Court
under federal diversity jurisdiction, the Court must apply, as
the default, the substantive law of California to all claims.
Erie v. Tompkins, 304 U.S. 64, 58 (1938); Patton v. Cox, 276
F.3d 493, 495 (9th Cir. 2002).

communication also enjoys an unqualified privilege under section 47(b)."  Id. at 364.

Here, Defendants' statements regarding the Plaintiffs' suspected trespassing on real property of the Estate of Roberts were made in the course of proceedings authorized by law to law enforcement officials.  Hagberg specifically held that such communications to law enforcement officials are privileged when the claim for relief is intentional infliction of emotion distress.  Hagberg, 32 Cal. 4th at 355.  As such, Defendants' statements are protected from suit by the litigation privilege and cannot be used to support a claim for relief.  Cal. Civ. Code § 47(b).

Plaintiffs argue that they should be granted leave to amend their Amended Complaint to include a claim for malicious prosecution.  As stated in Hagberg, statements made in a police report "are privileged pursuant to Civil Code Section 47(b), and can be the basis for tort liability only if the plaintiff can establish the elements of the tort of malicious prosecution." Id. at 355.  Here, permitting Plaintiffs leave to amend their complaint to add a claim for malicious prosecution would be futile.  The first element that must be satisfied for a successful malicious prosecution claim is "the prior action was commenced by or at the direction of the defendant and was pursued to a legal termination in the plaintiff's favor."

Bertero v. National General Corp., 13 Cal. 3d 43, 50 (Cal. 1974).  Defendants have not commenced any action against Plaintiffs.  As such, the first element of a malicious prosecution claim cannot be satisfied.

Accordingly, even assuming all of Plaintiffs' factual allegations in the Amended Complaint to be true, Plaintiffs' have failed to allege a legally plausible cause of action for intentional infliction of emotional distress.  As such, Defendants' motion for judgment on the pleadings as to Plaintiffs' first cause of action is GRANTED with prejudice.

C. Plaintiffs' Second Cause of Action for Slander, Libel, Defamation, and/or Invasion of Privacy

Plaintiffs' second cause of action for slander, libel, defamation and/or invasion of privacy is also based on the alleged "false police report" that was filed "on or about October 21, 2006." Amended Complaint, ¶¶ 5-6.  The statute of limitations in California for slander, libel, and defamation is one year.  Cal. Code Civ. Proc. § 340.  The Amended Complaint was filed on April 27, 2009, nearly two and half years after the incident took place.  Even using the relation back date for the original complaint, filed October 15, 2008, the statute of limitations bars Plaintiffs' second cause of action.

Moreover, the litigation privilege, as discussed above, also precludes a slander, defamation, libel and/or invasion of

9

privacy cause of action from being brought against Defendants when based upon statements made to law enforcement officers. Hagberg, 32 Cal. 4th at 357.  Here, Plaintiffs' second cause of action is based on Plaintiffs' alleged "false police report" and thus, is not legally cognizable.  Accordingly, Defendants' motion for judgment on the pleadings as to Plaintiffs' second cause of action is GRANTED with prejudice.

E. Plaintiffs' Third Cause of Action for Conversion

　　　Plaintiffs' third cause of action alleges Defendants took personal property belonging to them and "intentionally concealed the conversion of said personal property to Plaintiffs' loss and detriment."  Amended Complaint ¶ 7.  On April 3, 2007, Plaintiff Elizabeth Roberts signed a settlement agreement waiving any future claims relating to her interests arising out of the Last Will of Robert E. Roberts, including personal property. Defendants argue Plaintiff Elizabeth Roberts is barred from raising a claim for conversion of said personal property by the settlement agreement.

　　　"[A] valid compromise agreement has many of the attributes of a judgment and, in the absence of showing of fraud or undue influence, is decisive of the rights of the parties thereto and operates as a bar to the reopening of the original controversy." Shriver v. Kuchel, 113 Cal. App. 2d 421, 425 (Cal. Ct. App. 1952).  Here, there is no evidence of fraud or undue influence,

thus the Court will enforce the settlement agreement and will not permit Plaintiff Elizabeth Roberts to maintain any claim relating to personal property arising out of the Last Will of Robert E. Roberts.  Notably, Plaintiffs do not dispute the terms of the settlement agreement.  Rather, Plaintiffs merely argue that a 2005 tax refund did not pass through Robert E. Roberts Last Will and thus, the alleged conversion of the tax refund for tax year 2005 is not barred by the settlement agreement.

Plaintiffs however, have not alleged in their Amended Complaint any facts that suggest a federal tax refund for tax year 2005 exists, nor have Plaintiffs alleged any facts that suggest Defendants are withholding from Plaintiffs a tax refund. Rather, the facts before the Court show that Defendants, acting as co-executors of the estate of Robert E. Roberts, filed a tax return for the decedent and paid taxes for the decedent, as required by the IRS regulations.  There are no facts to support Plaintiffs' claim for conversion.  The Court cannot assume that the Plaintiffs "can prove facts which [they have] not alleged or that the defendants have violated the . . . laws in ways that have not been alleged."  Associated Gen. Contractors of Calif., Inc. v. Calif. State Council of Carpenters, 459 U.S. 519, 526 (1983).  Accordingly, the Court refuses to allow Plaintiffs to maintain a conversion claim for personal property when no facts supporting the claim exist.  As such, Defendants' motion for

judgment on the pleadings as to Plaintiffs' third cause of action is GRANTED with prejudice.

E. Plaintiffs' Fourth Cause of Action for Interference With Contract

Plaintiffs' fourth cause of action alleges that Defendants filed "'dubious' 2005 calendar year tax returns with the Internal Revenue Service and State of California, Franchise Tax Board, which amounted to an interference with contract." Amended Complaint ¶ 8.  Defendants argue Plaintiffs have not and cannot allege any evidentiary support for an intentional interference with contract claim.

The essential elements of a claim for interference with contract are: (1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of the contract; (3) defendant acted intentionally to induce breach or disruption of the contractual relationship; (4) an actual breach or disruption of the contractual relationship; and (5) resulting damages. Pacific Gas & Electric Co. v. Bear Sterns & Co., 50 Cal 3d 1118, 1126 (Cal. 1990).

Here, Plaintiffs have not alleged that a contract existed nor have they provided any legal authority for the proposition that filing a tax return is a contract.  Defendants filed a tax return for the tax year 2005 with the IRS as required by Federal Regulations and their duties as co-executors of the Estate of

Robert E. Roberts.  Plaintiffs have failed to offer any factual support or legal basis for a claim for interference with contract.  As such, the Court GRANTS Defendants' motion for judgment on the pleadings as to Plaintiffs' fourth cause of action with prejudice.

F. Defendants' Rule 11 Motion for Sanctions

Pursuant to Federal Rule of Civil Procedure 11, Defendants ask this Court to impose sanctions upon Plaintiffs and their counsel, James Ireijo.  Defendants argue that all four of Plaintiffs' causes of action violate Rule 11 as they are brought for an improper purpose.  Fed. R. Civ. P. 11(b)(1).  In addition, Defendants argue all of Plaintiffs' claims for relief violate Rule 11(b)(2) because the claims are not warranted by existing law.  Finally, Defendants ask for sanctions pursuant to 11(b)(3) with regard to Plaintiffs' fourth claim for interference with contract because there is no legal basis for relief based on the facts.  (Doc. # 26.)

Although the Court has decided to dismiss this action, it does not find that Rule 11 sanctions are warranted in this case. The Court finds that: (1) Plaintiffs' Amended Complaint was not filed for an improper purpose; (2) Plaintiffs' claims were not so frivolous as to justify an award of sanctions under Rule 11 (b)(2); and (3) While Plaintiffs' factual contentions were weak, particularly with respect to the interference with contract

claim, Rule 11(b)(3) sanctions are also not appropriate in this case. There is little doubt that this lawsuit did not have much merit when it was filed and dismissal, in and of itself, under Rule 12 (c) is a severe sanction. The Court sees no reason to add an additional monetary sanction under Rule 11 and, therefore declines to do so. As such, Defendants' motion for sanctions is DENIED.


                              III. ORDER

     For the above reasons, Defendants' motion for judgment on the pleadings is GRANTED with prejudice, and Defendants' motion for sanctions is DENIED.

     IT IS SO ORDERED.

Dated: December 18, 2009                    _____
                                            JOHN A. MENDEZ,
                                            UNITED STATES DISTRICT JUDGE